UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUSTIN DURING,

                Plaintiff,

- against -

CITY UNIVERSITY OF NEW YORK, et al.,

                Defendant.

OPINION AND ORDER

05 Civ. 6992 (RCC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Austin During ("During") commenced this action on September 22, 2005, against the City University of New York ("CUNY"), and several individual defendants (collectively, "defendants"), alleging employment discrimination in violation of federal and New York state laws. Pending before the Court is defendant's request to subpoena Columbia University ("Columbia"), a non-party, for access to During's employment records. For the reasons which follow, defendants's request is **DENIED**.

## II. DISCUSSION

During alleges that defendants discriminated against him in the terms and conditions of his employment at CUNY. Defendants assert that determinations related to During's employment were the result of his performance deficiencies. During was also employed at Columbia while working at CUNY. Defendants assert that holding two positions is probative of his ability to adequately meet his responsibilities at CUNY. Defendants, therefore, request to subpoena Columbia for access to During's employment records.

This is not the first time the Court has been called upon to make a determination with

respect to a proposed subpoena to Columbia. On February 16, 2006, the Court held a telephone conference at which defendants's initial subpoena to Columbia was quashed as overbroad. The parties were directed to confer and attempt to agree on the categories of records that would be appropriate. That effort has failed, and defendants have submitted a new proposed subpoena for the Court's review.

Defendants's proposed subpoena now seeks the production of seven categories of records related to During's employment at Columbia, including documents concerning: 1) the most recent date of his employment; 2) the reason he is no longer employed, including whether he resigned or was terminated and the reason he resigned or was terminated; 3) positions held; 4) work performance, including all formal and informal evaluations; 5) work schedule; 6) overtime work; 7) dates he did not attend work, including any reasons given for not attending work (e.g., medical or family-related), and any documentation he submitted with each absence.

During, generally, would not have standing to quash or object to a subpoena served on a third party. **Chazin v. Lieberman**, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); **Chemical Bank v. Dana**, 149 F.R.D. 11, 13 (D. Conn.1993). He contends, however, that the records defendants seek are private and confidential. Since During claims a personal privacy right in the records being sought, he has standing to object to the issuance of the subpoena. **Chazin**, 129 F.R.D. at 98. During claims the subpoena is overly broad. The Court agrees.

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b), Federal Rules of Civil Procedure. "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could

2

lead to other matter that could bear on, any issue that is or may be in the case." **Carey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. 1991) (citation omitted).  However, "upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Rule 26(c).  The court may limited discovery from the subpoenas to material that pertains to acts specified in the complaint.  **Chazin**, 129 F.R.D. at 98.

Defendants maintain that CUNY's employment records indicate that During was frequently tardy, absent, and unavailable.  Defendants believe that the Columbia records are relevant, because During's employment there may have affected his attendance at CUNY.  Weighing against relevance is During's overly broad and personal intrusion claim.  The issue in this case is whether During's attendance and availability, or discrimination and retaliation, are the basis for the terms and conditions of his employment at CUNY.  Whether During's employment at Columbia affected his attendance and availability at CUNY is not relevant to this case.  The Court finds that CUNY's right to obtain Columbia records is outweighed by During's assertion of intrusion into his privacy interests and overly broad claim.  Discovery in this case should be limited to records containing information relating to the allegations in the complaint, and his employment at CUNY, and should not include unrelated records, or detailed personal information regarding his employment at Columbia.  Compliance with the subpoena will infringe on During's privacy rights, in that defendants would access overly broad Columbia records in detail.  Defendants's request to subpoena Columbia is, therefore, **DENIED**.

## III. CONCLUSION

For the foregoing reasons, defendant's request to subpoena Columbia University for access to During's employment records is **DENIED**.

**SO ORDERED this 9th day of March 2006**
**New York, New York**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　The Honorable Ronald L. Ellis
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge